Nichols, C. J.
The plaintiff in error, an employe of The East Ohio Gas Company, suffered certain injuries in May, 1914, on which he bases his right to participate in the state insurance fund.
The company was operating under the provisions of Section 22 of the Workmen’s Compensation Act, whereby it had elected to pay compensation direct to its employes. It denied any liability to compensate the injured employe.
The employe thereupon filed with State Liability Board of Awards his claim for compensation. The board held that the claimant was not entitled to participate in the fund, for the reason that the injuries were not received in the course of his employment. Thereupon appeal was had to the common pleas court of Mahoning county, in which court recovery was had in the gross sum of two thousand dollars.
The court of appeal's reversed the judgment of the court of common pleas on the ground that Sec *249 tion 43 of the Workmen’s Compensation Act did not provide for an appeal by claimants who were employes of employers electing to pay compensation directly.
This question has been decided otherwise by this court in the case of Reinholz, Gdn., v. The Industrial Commission of Ohio, 96 Ohio St., 457, the holding there being that the right of appeal existed in favor of all employes; and unless other prejudicial errors are disclosed by the record in the case now under consideration the judgment of the court of appeals would necessarily be reversed.
The defendant in error claims that there are other errors apparent on the record, which are of such a character as to require a reversal of the court of common pleas and therefore an affirmance of the judgment of the court of appeals, and it has asked this court to review these several assignments of error and render its judgment thereupon.
The first ground relied upon is that the appeal, from the order of the Industrial Commission denying the claimant compensation was not filed in the court of common pleas of Mahoning county within 30 days after the notice of the final action of such commission. If this is true, then the appeal was filed too late, and no recovery can be had, for it is expressly provided in Section 43 of the Workmen’s Compensation Act that the appeal must be filed within 30 days from the date of the notice of the action of the board in disallowing compensation.
The record shows that the commission denied compensation on the 15th of March, 1916, and notice was thereupon sent by the board, addressed *250 to the plaintiff in error, in care of his attorney of record; Patrick M. Fusco, Youngstown, Ohio.
The appeal was filed on the 7th of June, 1916.
The appellant says in his petition that he did not receive notice of the rejection of his claim until the 9th of May, 1916. If he be correct, then the appeal was within thirty days.
It is to be at.once admitted that, ordinarily, in a pending judicial proceeding, notice to an attorney of record is notice to his client. This is necessarily so, otherwise the orderly and effective administration of justice would be thwarted, and by carelessness or collusion unseemly and unjust delays would be judicially sanctioned. In fact, the rule is even stronger than just stated; for, as given in 29 Cyc., 1118, the general rule is that in all pending judicial proceedings, wherein the party has an attorney, notice must be given to that attorney as agent and not to the party himself.
A strict application of this rule would undoubtedly defeat the right of the plaintiff in error to recovér, but in view of the peculiar circumstances which the record discloses, and the feeling which abides within this court that the remedies provided in the Workmen’s Compensation Act for the benefit of injured parties should be construed and interpreted with the utmost liberality, we are constrained to hold that the appeal was filed in time.
It appears that at or about the time the Industrial Commission rejected the claim of Roma for compensation his attorney had a disagreement with him, and thereupon notified him that he had withdrawn from the case.
*251 The evidence is quite conflicting and unsatisfactory. It is claimed by the plaintiff in error that when his attorney withdrew from the case he was not notified that final action by way of rejection had been had, and that soon afterward he employed other counsel to prosecute his claim for compensation. The attorney, on the other hand, is by no means positive that he told the client that the claim had 'been disallowed, but contents himself by saying that he is pretty confident that he did so notify him, planting himself more on the fact that it was his duty to so notify him rather than upon any independent recollection of the fact.
The plaintiff in error was a foreigner, only fairly acquainted with the English language, and entirely unfamiliar with judicial proceedings, and his conduct thereafter was entirely inconsistent with the view that he had knowledge of the rejection of the claim before the 9th of May, 1916, and wholly consistent with his belief that the claim was still pending before the Industrial Commission.
The jury may be said to have settled this phase of the controversy; for, in answer to an interrogatory submitted to it by the court as to when the plaintiff, Mike Roma, received notice of the final action of the Industrial Commission denying him the right to participate in the state insurance fund, its answer was: “May 9, 1916.” As there was some evidence supporting the answer to this interrogatory, this court feels bound by it.
Since, however, it is clearly shown by the record that the Industrial Commission did send notice of its final action to the plaintiff in error’s attorney *252 of record, we are here presented the question for decision: Does the fact that the state did properly notify such attorney of its final action charge the plaintiff in err«or with notice although it was not communicated to him by his attorney?
To defeat the right of this claimant under these circumstances otherwise than on the merits of the controversy would be entirely out of accord with the principles and objects sought to be attained by the. Workmen’s Compensation Act.
A consideration of this act clearly shows that it was the purpose and object of the act to obviate the necessity of claimants dealing with the board through agents, representatives or attorneys, and we do not feel that it is a harsh rule to require the board in the event of the rejection of a claim for compensation to see to it that claimant receives actual notice thereof.
It is not to be overlooked that the claimant denied to himself the right he may have had, if any, to prosecute his claim in the courts of the state, but voluntarily submitted to the decision of the Board of Awards, and we feel that if he be defeated by a technicality, although a proper and just one, it would be quite out of harmony with the underlying objects the general assembly had in view in enacting the law.
The state of Ohio by the very terms of the law. becomes in fact the representative, if not the champion, of the claimant, to the extent of seeing that exact justice is done him, and it is quite manifestly the intention of the law that the ordinary rules of procedure, although wise and fair in the *253 abstract, must give way, if, in adhering to them, any conclusion even savoring of injustice would result.
Section 1465-91 provides that “Such board [the Board of Awards] shall not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided, but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act.”
It is the conception of this court that the section of the law just quoted is, in a sense, binding on the courts that may review these investigations. Whenever it may be made to appear that by a strict adherence to technical rules the substantial rights of the party are in jeopardy, it is the plain duty of the courts as well as the board to disregard such rules.
It is not to be understood that this section countenances the making a farce or mockery of a judicial proceeding. For instance, it would not justify the admission of hearsay evidence, nor would it, to use an illustration that might have been furnished by the instant case, countenance the filing of an appeal by the claimant 30 days after he had received actual notice of the disallowance of his claim.
Actual notice did not reach the plaintiff until the 9th of May. Therefore, having filed his appeal on the 7th of June next ensuing, he is within the law.
The second point relied on by the state for a *254 reversal of the common pleas and an affirmance of the court of appeals is that the former court erred in charging the jury that a verdict might be awarded in a lump sum. The state contends that the jury hearing cases of this character on appeal sits as an appellate Board of Awards and can render no judgment or award different from the award that would have been made by the Industrial Commission had it found that the plaintiff in error was entitled to compensation.
An examination of the Workmen’s Compensation Act clearly shows that in this respect the contention of the state is sound.
The court charged the jury as follows: “You may, gentlemen of the jury, make it [the compensation] a lump sum payment, if you wish, but not to exceed $3,750.” This was erroneous, as it granted the jury a power expressly denied it by the law.
Section 1465-90, General Code, provides: “And if they [the jury] determine the right in his [the claimant’s] favor, shall fix his compensation within the limits under the rules prescribed in this act; and any final judgment so obtained shall be paid by the state liability board of awards out of the state insurance fund in the same manner as such awards are paid by such board.”
The primary duty of the jury under the statute is to determine first the right of the claimant to recover, and, if it is found that such claimant is entitled to participate in the fund, it then becomes its duty to make an award, not in any lump or gross sum, but just as the Board of Awards would *255 have done had such board found in favor of the claimant.
The jury has the same discretion as to duration of time the award shall run as the Board of Awards possesses, but it cannot make allowance of any sum in excess of the statutory limitations.
In the instant case, the injured party was receiving $12 per week. The amount of the judgment would indicate that the jury did not regard the claimant as one suffering a permanent total disability, but rather placed him under the provisions of Section 1465-80, in the class suffering injuries resulting in partial disability.
So far as the extent of the injuries of the claimant are evidenced by the record, the jury would have been justified in awarding him compensation at the rate of $8 per week for a period of 250 weeks, which, in the aggregate, although differing in time and manner of payment, would be equivalent in amount to the lump sum verdict of $2,000.
We find the error, therefore, not to be prejudicial.
Any other holding of this court would make a favored class of claimants denied compensation by the board. When their cause was submitted to a jury, they would be permitted to recover not only larger amounts than those whose right to recover was clear, but would also receive the award in a gross sum. While we would not be understood to intimate that the claimants, whose claim for compensation has been denied by the tribunal created by the law to pass on all claims of this character *256 in the first instance, should be placed in a less favored class, we must be certain to see that such claimants are not put in a more highly favored class.
Such is manifestly'not the intent of the law.
We further hold that judgments rendered by courts of common pleas in favor of claimants who have appealed from adverse holdings of the Board of Awards are subject to the provisions of Sections 1465-86 and 1465-87, General Code.
Section 1465-86 provides that “The powers and jurisdiction of the board over each case shall be continuing, and it may from time to time make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion may be justified.’
The jury in appeal cases of this character sits as an appellate Bo.ard of Awards. When it has rendered its finding, if approved by the trial judge and error be not prosecuted, it is the duty of the court to certify the finding and award to the Industrial Commission, and thereafter such proceedings should be had as if the commission itself had made the award.
Section 1465-87 provides: “The board, under special circumstances, and when the same is deemed advisable, may commute periodical benefits to one or more lump sum payments.”
This is the function of the Board of Awards, and not of the court, and applies equally to claims for compensation by injured parties and to claims for compensation by dependents of such as may have suffered death by injury.
*257 It is to be observed that the matter of commutation is wholly within the discretion of the Board of Awards and is to be granted only in instances of special circumstance.
No single feature of the law stands out more clearly than the idea of making the compensation for injuries a substitute for the weekly wages of the injured party. In the great mass of cases, the theory of periodical instead of lump sum payment works out in practice to the manifest benefit of the injured one. He has a certain paymaster, and to the extent of two-thirds his former weekly wage is independent of the vicissitudes that frequently embarrass the laborer, owing to lack of employment, loss of time through sickness, and through temporary shutdowns, with which we are so familiar at this particular time.
It is clearly the design of the legislature that lump sum payments are to be the exception and not the rule. There are instances easily to- be contemplated where it would be to the advantage of the claimant to receive the award in gross, but this method is to he understood to be a departure from the usual manner of payment, and the board itself lacks the power to exercise it arbitrarily. It is the plain duty of the board, whose wards the injured employes are, to exercise the greatest care and deliberation in commuting periodical to lump sum payments, and this for the protection of the employe and his family, who, since they are commonly inexperienced in what we call business matters, become too often the easy prey of the cunning and designing element of our society.
*258 The practice and procedure approved in the instant case will apply with equal force to all claimants whose right to participate in the state insurance fund has been denied by the Board of Awards and who have appealed to the court of common pleas, whether their employers be of the class that has elected to pay compensation , directly or of the class that contributes directly to the state insurance fund.
It is the judgment of this court that substantial justice does not require, but would forbid, a reversal of the common pleas court, notwithstanding the error in the charge and in the form of the verdict.
We do direct, however, that a modification of such judgment be entered, and that, instead of requiring the payment of the lump sum of $2,000, it be altered by providing for the payment of the sum of $8 per week for a period of 250 weeks, commencing on the day of the rendition of the judgment in the common pleas court, namely, November 24, 1916.

The judgment of the court of appeals is reversed\ and that of the common pleas is affirmed as modified.

Wanamaker, Newman, Jones, Matthias, Johnson and Donahue, JJ., concur.